UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
2021 APR -9 AM 9:55

| | |
|---|---|
| Iasia Owens<br><br>Plaintiff<br><br>V.<br><br>CAPITAL ONE AUTO FINANCE,<br>CAR MAX AUTO SUPERSTORES, LLC<br><br>Defendants | 8:21 CV 849 CEH-AAS<br>CASE NO. |

## PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

## AND REQUEST FOR INJUNCTION

TO THE HONORABLE COURT:

COME NOW, IASIA OWENS ("Plaintiff") and their filed Original Complaint and would show the court as follows:

### A.
### PARTIES

1. Plaintiff Iasia Owens is a female adult, consumer and natural person pursuant 15 USC 1692a(3) of sound mind. Plaintiff has a place of abode which is Plaintiff's location information 5138 Flowing Oar Rd. Wimauma, Fl 33598-2227.

2. Defendant Capital One Bank ("Capital One") is a National Bank established and operating within the United States with multiple corporate offices and a headquarters located in McLean, VA, and at all times material hereto was authorized and was doing business in the state of Florida. Defendant may be served with process.

3. Defendant CarMax Auto Superstores, LLC, ("CarMax") is a car dealership at all times material hereto was authorized and was doing business in the state of Florida. Defendant may be served with process.

### B.
### JURISDICTION AND VENUE

4. Plaintiffs' complaint arises under the United States Constitution and federal statutes.

5. This court has jurisdiction over this action under 28 U.S.C. §1331, 28 U.S.C. § 1332, 28 U.S.C. §§ 89(b) where the acts and transactions giving rise to Plaintiff's occurred in this district, where the Plaintiff's reside in this district and/or where Defendant transacts business in this district.

### C.
### FACTUAL ALLEGATIONS

6. On or about October 25th, 2020, the Plaintiff entered into a consumer credit sale transaction (hereinafter "the transaction") with CarMax for the sale and purchase of 2017 Mercedes Benz C Class, vehicle identification number WDDWJ4KB4HF459124, which vehicle was intended by the Plaintiff for personal

and family use, in which the extended consumer credit was subject to a finance charge and which is initially payable to Capital One. A true and accurate copy of the credit agreement evidencing the agreement is attached hereto, marked PLAINTIFF'S EXHIBIT A, and by this reference is incorporated herein.

7. As part of this consumer credit transaction, Plaintiff provided CarMax with her credit card to obtain an extension of credit by and through a credit application for the consumer good purchase.

8. CarMax instead submitted a loan application in Plaintiff's name to Capital One. CarMax subsequently received an advance issued by Capital One in the name of the Plaintiff. The advance created a lien interest over 2017 Mercedes Benz C Class, vehicle identification number WDDWJ4KB4HF459124 in favour of Capital One.

9. CarMax did not make Plaintiff aware that the consumer credit sale forms presented to her were submitted instead as loan applications with Capital One. Furthermore, Plaintiff did not authorize CarMax to disclose her personal information to non-affiliate entities.

10. Plaintiff into knowledge of the loan application via monthly loan statements issued by Capital One covering the period between November 2020 – February 2021. A true and accurate copy of that affidavit of truth coupled with cease and desist is attached hereto, marked PLAINTIFF'S EXHIBIT B, and by this reference is incorporated herein.

11. CarMax and Capital One accepted Plaintiff's credit card as they admitted to for the purposes of obtaining property for my consumer credit transaction.

12. On or about November 11th, 2020, Plaintiff issued Capital One with a debt validation notice. Capital One neither acknowledged receipt of the notice, neither did Capital One issue Plaintiff with debt validation documents.

13. On or about November 21st, 2020, Plaintiff filed a complaint with Consumer Financial Protection Bureau ("CFPB"). Purpose of complaint was intended to compel Capital One to respond to Plaintiff's debt validation notice. CFPB then communicated to Capital One regarding Plaintiff's complaint urging Capital One to respond to Plaintiff's debt validation notice. A true and accurate copy of that affidavit of truth coupled with cease and desist is attached hereto, marked PLAINTIFF'S EXHIBIT C, and by this reference is incorporated herein.

14. On December 2nd, 2020, Capital One responded to CFPB notice and issued both CFPB and Plaintiff with debt validation documents. To Plaintiff's surprise, she was able to ascertain that alleged debt arose from the consumer credit sale transaction form which Plaintiff executed with CarMax.

15. On or about December 10th, 2020, and subsequently on January 20th, 2021, Plaintiff issued Capital One with an affidavit of truth coupled with cease and desist demands. A true and accurate copy of that affidavit of truth coupled with cease and desist is attached hereto, marked PLAINTIFF'S EXHIBIT D, and by this reference is incorporated herein.

16. On or about January 25th, 2021, Capital One issued a notice of enforcement of contract rights letter threatening to repossess and dispose of Plaintiff's motor vehicle.

17. On or about February 17th, 2021, following the events under paragraph 17 above, Plaintiff issued Capital One with Notice of Default and Opportunity to Cure notice which was accompanied with a cease and desist demand advising Capital One to take all necessary action to clear from the Plaintiff the alleged debt. A true and accurate copy of that Notice of Default and Opportunity to Cure is attached hereto, marked PLAINTIFF'S EXHIBIT E, and by this reference is incorporated herein.

18. Pursuant to the definition of the terms "debt" as provided under 15 U.S.C. § 1692a(5); "debt collector" as provided under 15 U.S.C § 1692a(6) read together with 15 U.S.C § 1692a(6)(F) and 15 U.S.C § 1692f(6); "consumer" as provided under 15 U.S.C § 1602(i); and "credit card" as provided under 15 U.S.C § 1602(m), Plaintiff raises cause of action as follows.

19.

### D.
### CAUSE OF ACTION I

20. Capital One whilst relying on the information wrongfully provided by CarMax commenced communication with Plaintiff with a view of collecting debt allegedly owed by Plaintiff.

21. Capital One sent Plaintiff monthly loan statements dated November 2020 – January 2021 encouraging the Plaintiff to make payments on the alleged debt.

22. At no point has Plaintiff authorized Capital One to initiate any form of communication with Plaintiff in connection with the repayment of this alleged debt.

23. Plaintiff pursuant to 15 U.S.C. § 1692c(c) issued notice to Capital One to cease and desist from all further communication.

24. In light of the above, actions by Capital One violated the requirements provided under 15 U.S.C. § 1692b(2), 15 U.S.C. § 1692c(a) and 15 U.S.C. § 1692c(c).

25. Plaintiff is entitled to compensation and costs of suit.

## CAUSE OF ACTION II

26. CarMax influenced, convinced and caused Plaintiff to enter into a consumer credit transaction with CarMax on the premise that the nature of the transaction emanates from a credit application and not a loan application.

27. CarMax then disclosed Plaintiff's private and confidential information to a non-affiliated third party in the form of Capital One.

28. CarMax and Capital One with knowledge and intent caused there to be registered a loan application in place of a credit application in the names of Plaintiff for an amount to be secured with lien interest in 2017 Mercedes Benz C Class, vehicle identification number WDDWJ4KB4HF459124 in favour of Capital One

29. CarMax and Capital One owed a duty to notify Plaintiff and ought to have obtained Plaintiff's consent prior to disclosing private information and causing wrongful registration of a loan application.

30. The disclosure of the Plaintiff's non-public personal information to non-affiliated third parties by CarMax without prior consent/waiver by the Plaintiff is a violation of the Plaintiff's privacy of information in conjunction with 15 U.S.C. § 6802(b)(B).

31. CarMax and Capital One in violation of 15 U.S.C. § 1611(1) wilfully and knowingly provided Plaintiff with false, misleading, inaccurate and deceptive information, forms and finance .

32. In light of the above, Plaintiff is entitled to compensation and costs of suit.

## CAUSE OF ACTION III

33. Relying on Exhibit A, Capital One knowingly and wilfully did not include "total sale price" as the "finance charge".

34. Capital One failed to disclose additional charges including but not limited to down payment of $259.79, which charge according to law shall not apply to a consumer credit transaction.

35. Capital One failed to disclose to Plaintiff option to include insurance in the purchase via finance charge

36. Capital One failed to disclose the finance charge clearly and conspicuously.

37. In light of the above, Capital One is in violation of 15 U.S.C. § 1605(c), 15 U.S.C. § 1632(a), 15 U.S.C. § 1605(a).

38. Plaintiff is entitled to compensation and costs of suit.

## CAUSE OF ACTION IV

39. This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C § 1635 and Regulation Z § 226.23 (12C.F.R. § 226.23).

40. In the course of this consumer credit transaction, Capital One violated 15 U.S.C. § 1635(a) and Regulation Z 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind that:

   a) Identified the transaction.

   b) Clearly and conspicuously disclosed the security interest in the Plaintiff's home.

   c) Clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction.

   d) Clearly and conspicuously disclosed how to exercise the right to rescind the transaction, with a form for that purpose, designating the address of Capital One place of business.

   e) Clearly and conspicuously disclosed the effects of rescission.

   f) Clearly and conspicuously disclosed the date the rescission period expired.

41. Clearly and conspicuously disclosed the date the rescission period expired.

## E.
## RELIEF REQUESTED

WHEREFORE, it is respectfully prayed that this Court:

A. Assume jurisdiction of this case;

B. Declare the security interest in the Plaintiff's property, 2017 Mercedes Benz C Class, vehicle identification number WDDWJ4KB4HF459124, void;

C. Declare the loan agreement with Capital One invalid for lacking Plaintiff consent

D. Rescind the transaction of October 25th, 2021.

E. Order Capital One to take all necessary action to zero out the balance on account 6206279991892 and discharge the Plaintiff of all alleged liability.

F. Capital One to take all necessary action to withdraw the alleged debt from the Plaintiff's credit report.

G. Award the Plaintiff statutory damages for the disclosure violations in the amount of twice the finance charge in connection with this transaction under 15 U.S.C. § 1640(a)

H. Award the Plaintiff statutory damages for Capital One failure to issue Plaintiff with proper rescission forms, in the amount of twice the

finance charge in connection with this transaction under 15 U.S.C. § 1640(a)

I. Award actual damages in the amount of $37,000.

J. Award the Plaintiff costs.

K. Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

Iasia Ebony Owens

5138 Flowing Oar Rd. Wimauma Fl 33598-2227

727-612-4630

iasia.owens2@gmail.com

## VERIFICATION

I, Iasia Ebony Owens, being duly sworn depose and say that I am the Plaintiff in the above entitled action, that I have read the foregoing Complaint and know the contents thereof. That the same is true of my own knowledge except as to those matters and things stated upon information and belief, and as to those things, I believe them to be true.

*[Signature]*
FLDL#0520-405-89-564-1

(Sign in the presence of a Notary Public)

Sworn to and subscribed before me this the 9th day of April, 2021.

*[Signature: Colleen Arnold]*

Notary Public

COLLEEN ARNOLD
MY COMMISSION # GG 339025
EXPIRES: May 28, 2023
Bonded Thru Notary Public Underwriters

Colleen Arnold

(Printed name of Notary Public)

My Commission Expires: May 28, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent on the **(Date)** day of **(Month) (Year)** by regular U.S. mail, by facsimile, or certified mail, return receipt requested, to the following parties or attorneys of record:

**(Name of Defendant's Attorney)**, Attorney at Law