UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IASIA OWENS,**

    **Plaintiff,**

v.                                                       **Case No.: 8:21-cv-849-CEH-AAS**

**CAPITAL ONE AUTO FINANCE,**
**and CAR MAX AUTO SUPERSTORES,**
**LLC,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff Iasia Owens requests to proceed *in forma pauperis*. (Doc. 12). It is **RECOMMENDED** that Ms. Owens's motion be **DENIED**, and this action be dismissed.

**I. BACKGROUND**

Ms. Owens sues Defendants Capital One Auto Finance (Capital One) and Car Max Auto Superstores, LLC (Car Max) (collectively, the defendants) because of her purchase of a 2017 Mercedes Benz C Class. (Doc. 1). Ms. Owens requested to proceed *in forma pauperis*. (Doc. 2). The court denied Ms. Owens's request, without prejudice, and directed Ms. Owens to provide a Long Form Application to Proceed *In Forma Pauperis* so the court could determine Ms. Owens's financial status under 28 U.S.C. § 1915(a)(1). (Doc. 11).

1

Ms. Owens filed the Long Form Application. (Doc. 12). While Ms. Owens's application establishes she is indigent, her complaint fails to state a plausible cause of action against the defendants and is subject to dismissal.

## II.  LEGAL STANDARD

After determining the economic status of the litigant, the court must review the case and dismiss it *sua sponte* if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Martinez v. Kristi Cleaners, Inc.,* 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Fed. R. Civ. P. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal for failure to state a claim is appropriate if the facts fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

If a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories lack merit, the court may conclude a case has little or no chance of success and dismiss before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). While the court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837

(11th Cir. 1989).

### III. DISCUSSION

The Eleventh Circuit recognized that a court may consider a plaintiff's history of filing unmeritorious litigation when determining whether a complaint is frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). Ms. Owens has brought several lawsuits in this district requesting to proceed *in forma pauperis. See, e.g.*, *Owens v. USAA Federal Saving Bank*, No. 8:21-cv-00880-WFJ-CPT (case filed April 13, 2021); *Owens v. Resurgent Capital Services, et al.*, No. 8:21-cv-00852-MSS-TGW (case filed April 9, 2021); *Owens v. Capital One Bank*, No. 8:21-cv-00850-WFJ-JSS (case filed April 9, 2021); *Owens v. Synchrony Bank*, No. 8:21-cv-00851-SDM-AEP (case filed April 9, 2021); Owens v. Bridgecrest Acceptance Corporation, No. 8:21-cv-00319-MSS-AAS (case filed February 10, 2021); *Owens v. Discover Financial Services*, No. 8:21-cv-00320-MSS-CPT (case filed February 10, 2021); *Owens v. Credit One Bank, National Association*, No. 8:21-cv-00321-TPB-AEP (case filed February 10, 2021). In each of these action, Ms. Owens asserts similar claims under the Fair Debt Collections Practices Act, the Truth in Lending Act, the Fair Credit Reporting Act, and the Gramm–Leach–Biley Act.

While the court could consider these various lawsuits in determining frivolity, it need not do so because Ms. Owens's claims are plainly frivolous and fail to state a plausible cause of action.

Ms. Owens alleges these three claims against the defendants: (1) Capital One violated § 1692 of the Fair Debt Collections Practices Act (FDCPA); (2) Car Max violated § 6802(b)(B) of the Gramm–Leach–Biley Act (GLBA); and (3) Capital One and Car Max violated § 1611 of the Truth in Lending Act (TILA).[1] (Doc. 1).

**A. FDCPA Claim Against Capital One**

Ms. Owens alleges Capital One violated § 1692 of the FDCPA because it sent Ms. Owens monthly statements "encouraging" her to make payments on her vehicle purchase. (Doc. 1, pp. 5–6).

The FDCPA only applies to debt collectors as defined within the FDCPA itself. *Pinson v. JP Morgan Chase Bank, Nat. Ass'n*, 646 F. App'x 812, 815 (11th Cir. 2016). The FDCPA regulates the conduct of debt collectors by giving consumers a private right of action to enforce provisions of the FDCPA against debt collectors. *Kurtzman v. Nationstar Mortgage LLC*, 709 F. App'x 655, 658 (11th Cir. 2017). The FDCPA's requirements only apply to professional debt collectors. *Id.* To state a claim under the FDCPA, a plaintiff must plausibly allege sufficient factual content to allow the court to make a reasonable inference that a defendant is a debt collector as defined by the FDCPA. *Id.* at 659.

---

[1] The clarity of analysis, this report lists Ms. Owens's claim in a different order than raised in the complaint.

Under § 1692c, debt collectors "may not communicate with a consumer" about the collection of debt "without the prior consent of the consumer[.]" 15 U.S.C. § 1692c(a) (1977). In addition, a debt collector may not continue to communicate with a consumer once a consumer "notifies a debt collector in writing" that they wish "the debt collector to cease further communication[.]" *Id.* § 1692c(c). Further, debt collectors may not state that the consumer owes debt when communicating with people other than the consumer. *Id.* § 1692b(2).

A debt collector collects debts owed to another. *Id.* § 1692a(6). But a creditor does not "facilitate collection of [] debt for another[,]" but extends credit directly. *Id.* § 1692a(4). Capital One is not a "debt collector" because it is attempting to collect a debt owed to another.

Ms. Owens fails to allege that Capital One is a debt collector. This pleading deficiency cannot be corrected through amendment, as Capital One is the originating lender and is not subject to the FDCPA.

**B. GLBA Claim Against Capital One**

Ms. Owens claims Car Max violated § 6802(b)(B) of the GLBA when it disclosed her information to Capital One. (Doc. 1, pp. 6–7).

"Courts across the country have held that no private right of action exists for violations of the GLBA, whose text indicates that it is to be enforced by 'Federal functional regulators, the State insurance Authorities, and the Federal Trade Commission.'" *Owens-Benniefield v. Nationstar Mortgage LLC*,

5

258 F. Supp. 3d 1300, 1318 (M.D. Fla. 2017) (dismissing § 6802 claim with prejudice), quoting *Winter Park Condo. Ltd. P'ship v. Wachovia Bank, Nat'l Ass'n*, No. 6:09-cv-218-Orl-31KR, 2009 WL 290992, at *1 (M.D. Fla. Feb. 6, 2009).

As there is no private right of action under the GLBA, this claim should be dismissed.

### C. TILA Claim Against Capital One and Car Max

Ms. Owens alleges Capital One and Car Max violated § 1611 of the TILA when they "caused there to be a registered loan application in place of a credit application[.]" (Doc. 1, pp. 6–7).

Section 1611, entitled "[c]riminal liability for willful and knowing violation[,]" is a criminal statute that does not create a civil cause of action. 15 U.S.C. § 1611 (2010); *see also Austin v. Global Connection*, 303 F. App'x 750, 753 (11th Cir. 2008); *Beepot v. JP Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014). Thus, Ms. Owen's claim under § 1611 are due to be dismissed.

Ms. Owens also alleges Capital One violated § 1605 by failing to include the "'total sales price' as the 'finance charge[,]'" disclose additional charges such as the down payment, and disclose the option to include insurance in the purchase. (Doc. 1, pp. 7–8). However, no requirement under TILA requires creditors to include "'total sales price' as the 'finance charge.'" *See* 15 U.S.C. §

6

1605(a) (2010); 12 C.F.R. § 226.18(d), (j) (2010). The down payment was also disclosed in bold print on the "itemization of amount financed" portion of Ms. Owen's retail installment contract, and TILA does not prohibit down payments. Nor do creditors have to include insurance as an "option" in a purchase. 15 U.S.C. § 1605(c).

Ms. Owens also claims Capital One failed to disclose the finance charge clearly and conspicuously. Section 1632(a) requires creditors to disclose the finance charge and annual percentage rate (APR) "more conspicuously" than other required disclosures. 15 U.S.C. § 1632(a) (2010); *In re Spinner*, 398 B.R. 84, 92 (N.D. Ga. 2008). The "finance charge" and "APR" boxes on Ms. Owen's Retail Installment Contract are bold and outlined darker than the "amount financed" "total payments" and "total sales price" boxes. (Doc. 1–1, p. 1). Thus, the finance charge is not only clear and conspicuous but is more conspicuous than other terms on the contract and meets the requirement of § 1632.

As for Ms. Owens's allegations that "the consumer credit transaction" falls under the right of rescission provided in 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, Ms. Owens is mistaken. Ms. Owens's complaint lacks the requisite specificity as to the loans received by Capital One, but there is no indication that the loans with Capital One are secured by Ms. Owens's principal dwelling. 12 C.F.R. § 226.23 applies the right of rescission, and disclosure of same, to a "credit transaction in which a security interest is or will be retained or acquired

7

in a consumer's principal dwelling." *See Ford v. Citizens and S. Nat. Bank*, 700 F. Supp. 1121, 1124 (N.D. Ga. 1988) (dismissing complaint because plaintiff did not allege that the security interest was his personal dwelling). It is not enough that a loan is secured by real property — the real property must be the plaintiff's principal dwelling. *Carson v. Wells Fargo Bank, N.A.*, No. 8:10-cv-2362-T-17EAJ, 2011 WL 2470099, at *4 (M.D. Fla. June 20, 2011) (holding that plaintiff's allegations that loan included a lakefront lot and home were insufficient as there was no allegation that home constituted a principal dwelling).

Ms. Owens fails to allege that the loan resulted in a security interest in her personal dwelling. Ms. Owens appears to ask for application of 12 C.F.R. § 226.23 to a loan that is unsecured or secured by an automobile or other personal property. Thus, this claim should be dismissed.

## IV. CONCLUSION

Ms. Owens fails to state a claim for relief that is "plausible on its face." *See Ashcroft*, 556 U.S. at 678 (2009). Thus, it is **RECOMMENDED** that Ms. Owens's motion for leave to proceed *in forma pauperis* (Doc. 12) be **DENIED**, and the complaint (Doc. 1) be **DISMISSED**.

**ENTERED** in Tampa, Florida on June 29, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Iasia Owens
5138 Flowing Oar Rd
Wimauma, FL 33598-2227

9