## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

IASIA OWENS,

      Plaintiff,

v.                                Case No: 8:21-cv-849-CEH-AAS

CAPITAL ONE AUTO FINANCE and
CAR MAX AUTO SUPERSTORES,
LLC,

      Defendants.

_____

## ORDER

      This matter comes before the Court on the Report and Recommendation of
Magistrate Judge Amanda A. Sansone (Doc. 15). In the Report and Recommendation,
Magistrate Judge Sansone recommends that Plaintiff Iasia Owens' motion to proceed
without prepaying fees and costs be denied and Plaintiff's Complaint be dismissed. On
July 12, 2021, Plaintiff filed an Objection to the Report and Recommendation
("Objection") (Doc. 16), and Defendant Car Max Auto Superstores, LLC ("CarMax")
replied (Doc. 17) to the Objection. Upon consideration of the Report and
Recommendation, the Objection, the reply, and upon this Court's independent
examination of the file, it is determined that the Objection should be sustained in part
and overruled in part, the Report and Recommendation adopted, the Complaint be
dismissed, and Plaintiff be given the opportunity to file an Amended Complaint.

# I.    BACKGROUND

Plaintiff, Iasia Owens ("Plaintiff"), proceeding *pro se*, sues Defendants Capital One Auto Finance ("Capital One") and CarMax, in a four-count Complaint for alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"); the Truth in Lending Act, § 102 *et seq.* as amended 15 U.S.C. § 1601, *et seq.* ("TILA"), and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.* ("GLBA"). Plaintiff's claims arise out of her purchase of a 2017 Mercedes Benz C Class automobile from CarMax, which was financed through Capital One. Plaintiff contends she provided CarMax with her credit card in order to extend her credit toward the purchase of the vehicle and instead CarMax submitted a loan application in her name to Capital One.

In conjunction with her complaint, Plaintiff filed a Notice to the Court to Take Judicial Notice Under Federal Rules of Evidence 201(d) to Waive Filing Fees, which the Magistrate Judge construed as a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 2. The Magistrate Judge denied Plaintiff's motion without prejudice (Doc. 11) and directed Plaintiff to file a long form affidavit seeking to proceed in federal court without the prepayment of fees. On May 21, 2021, Plaintiff filed the long form affidavit to proceed in district court without prepaying fees and costs (Doc. 12).

On June 29, 2021, the Magistrate Judge issued a report and recommendation on Plaintiff's motion to proceed without prepaying fees and costs. Doc. 15. Although Plaintiff's motion supported Plaintiff's claimed indigency, the Magistrate Judge

recommended the motion be denied because Plaintiff's claims are frivolous and her Complaint fails to state a plausible claim. Regarding Plaintiff's first cause of action against Capital One under the FDCPA, the Magistrate Judge notes that the FDCPA only applies to debt collectors and Plaintiff fails to allege that Capital One is a "debt collector" as defined by the FDCPA. Under the statute, a debt collector is one who collects debts owed to another. 15 U.S.C. § 1692a(6). Here, the documents Plaintiff attaches to her complaint reflect that Capital One is the originating lender, not a debt collector attempting to collect a debt *owed to another*.

In the second cause of action, Plaintiff alleges that CarMax violated § 6802(b)(B) of the GLBA when it disclosed, without her consent, her private and confidential information to a non-affiliated third party, *i.e.*, Capital One. The Magistrate Judge recommended the GLBA claim be dismissed as there is no private cause of action available under the GLBA. Doc. 15 at 6. Plaintiff additionally alleges that CarMax and Capital One willfully and knowingly provided Plaintiff with false, deceptive, misleading, and inaccurate information, forms and finance in violation of 15 U.S.C. § 1611(1). The Magistrate Judge correctly noted that § 1611 does not provide for a private cause of action.

In the third cause of action, Plaintiff sues Capital One for failing to clearly and conspicuously disclose finance charges, failing to disclose an option to include insurance, and failing to disclose additional charges in violation of 15 U.S.C. §§ 1605(a), (c), and 1632(a). The Magistrate Judge noted that Defendants were not legally obligated to make some of the disclosures, and as for the required disclosures Plaintiff

asserts were unclear and inconspicuous, the Magistrate Judge observed Plaintiff's allegations were contradicted by the documents attached to her Complaint.

Finally, in the fourth cause of action, Plaintiff alleges that the consumer credit transaction was subject to the right of recission as described in 15 U.S.C. § 1635(a) and Regulation Z 226.23(b) and that Capital One violated these provisions by failing to deliver to her two copies of a notice of the right to rescind that clearly identified, among other things, the transaction and her right to rescind it, the security interest held in her home, the effects of rescission, and the date the rescission period expired. The Magistrate Judge found Plaintiff's claim that her consumer credit transaction falls under the right of rescission provided in 15 U.S.C. § 1635 and 12 C.F.R. §226.23 must fail because there is no indication that Plaintiff's Capital One loan is secured by Plaintiff's home. The Magistrate Judge recommended dismissal of the third and fourth claims.

On July 12, 2021, Plaintiff filed an Objection to the report and recommendation. Doc. 16. She claims the Magistrate Judge erred in denying her motion to proceed without prepaying fees and in recommending dismissal of her complaint without leave to amend.[1] Regarding her FDCPA claim against Capital One, she asserts that she only dealt with CarMax, not Capital One, and thus as far as she was concerned CarMax was the creditor and Capital One was the one contacting her

---

[1] The report and recommendation does not state whether the claims in Plaintiff's Complaint should be dismissed with or without prejudice. There is no recommendation regarding amendment.

about the debt. She argues her claims are not frivolous and urges that her exhibits to the Complaint support her claims. She contends the Magistrate Judge erred in not allowing her the opportunity to amend her complaint.

CarMax responded to the Objection, requesting this Court adopt the report and recommendation and dismiss Plaintiff's claims with prejudice. Doc. 17. In support, CarMax argues the GLBA does not provide for a private cause of action; 15 U.S.C. § 1611 is a criminal statute that does not provide for a private cause of action; the right of rescission under 15 U.S.C. § 1635 does not apply where the security interest is in the automobile not Plaintiff's principal dwelling; and as Capital One is not a "debt collector" under the statute, Plaintiff's FDCPA claim fails.

## II.   STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

## III.   DISCUSSION

In her Objection, Plaintiff argues this Court should reject the Magistrate Judge's report and recommendation or, in the alternative, grant her leave to amend her

5

complaint. She first contends that her Complaint states a plausible claim against Defendants. But her conclusory arguments do not support her cause.

Plaintiff next asserts that her FDCPA claim against Capitol One survives because, in her mind, CarMax was the creditor and Capitol One the debt collector. However, the exhibits Plaintiff attaches to her Complaint contradict this assertion and instead reflect that Capitol One was the originating lender, and therefore would not be a debt collector as that term is defined in the statute. *See* 15 U.S.C. § 1692a(6). As such, Plaintiff cannot state a claim under the FDCPA against Capital One.

Regarding any claim brought pursuant to § 1611 of the TILA, the Magistrate Judge correctly points out that this statute, which is titled "[c]riminal liability for willful and knowing violation[,]" does not create a civil cause of action. *See* 15 U.S.C. § 1611 (2010); *see also Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1380 (M.D. Fla. 2014), *aff'd sub nom. Beepot v. JP Morgan Chase Nat. Corp. Servs., Inc.*, 626 F. App'x 935 (11th Cir. 2015) (finding § 1611 is a criminal statute that does not provide for a civil remedy). Accordingly, Plaintiff's claims based upon a violation of § 1611 are due to be dismissed with prejudice.

As for Plaintiff's GLBA claim, federal courts have consistently recognized that there is no private right of action under the Gramm-Leach-Bliley Act. *See e.g., Dunmire v. Morgan Stanley DW Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) (recognizing that "[n]o private right of action exists for an alleged violation of the GLBA"); *Owens-Benniefield v. Nationstar Mortgage LLC*, 258 F. Supp. 3d 1300, 1318–19 (M.D. Fla. 2017) (collecting cases and stating that "courts across the country have held that no private right of

action exists for violations of the GLBA, whose text indicates that it is to be enforced by Federal functional regulators, the State insurance Authorities, and the Federal Trade Commission") (internal quotation marks omitted). Thus, her GLBA claims are similarly due to be dismissed with prejudice.

The Court agrees with the Magistrate Judge's recommendation that Plaintiff's claims regarding rescission are due to be dismissed. Plaintiff fails to allege any facts to demonstrate that she would have a right of rescission under 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, because there is no indication the Capital One loan is secured by Plaintiff's principal dwelling. As it relates to Defendants' failure to provide proper disclosures under 15 U.S.C. § 1632(a), Plaintiff's allegations flatly contradict the documents she attaches in support of her claims. However, because Plaintiff has not previously amended her complaint, the Court will give Plaintiff one opportunity to amend her Complaint to attempt to state a claim against these Defendants. *See* Fed. R. Civ. P. 15(a) (leave to amend shall be "freely given" when justice so requires). Accordingly, it is hereby

**ORDERED**:

1.    Plaintiff's Objection (Doc. 16) is sustained in part and overruled in part. The Objection is sustained to the extent that Plaintiff will be given the opportunity to amend her complaint.  In all other respects, Plaintiff's Objection is overruled.

2.    The Report and Recommendation of the Magistrate Judge (Doc. 15) is adopted, confirmed, and approved in all respects, except the Court **DEFERS** ruling on the Plaintiff's motion to proceed without prepaying fees and costs (Doc. 12), and is

made part of this Order for all purposes, including appellate review. A ruling on Plaintiff's motion to proceed without prepaying fees and costs is deferred pending consideration of Plaintiff's Amended Complaint by the Magistrate Judge.

3.     Plaintiff's GLBA claim is **DISMISSED with prejudice**. Plaintiff's claims under 15 U.S.C. § 1611 are **DISMISSED with prejudice**. In all other respects, Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.

4.     If she chooses, within twenty-one (21) days of the date of this Order, Plaintiff may file an Amended Complaint, which shall <u>not</u> include any claim dismissed with prejudice. Failure to file an Amended Complaint within the time permitted, will result in dismissal of this action without prejudice without further notice.

**DONE AND ORDERED** in Tampa, Florida on January 3, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Iasia Owens, *pro se*
Counsel of Record

8